IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger

Criminal Action No. 15-cr-00415-MSK-GPG

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. ANGEL GUZMAN-GUTIERREZ;
2. LEONEL OLAGUEZ-CABRALES;
3. AREVALO PORTILLO SERGIO-ENRIQUE,
a/k/a Sergio Enrique Arevalo-Portillo;
4. JOSE ELENO RODARTE-GARCIA;
5. JUAN MEJIA-VASQUEZ; and
6. EDUARDO ARIES-TORRES,

    Defendants.

## ORDER ON PROCEDURES IN MULTI-DEFENDANT CRIMINAL CASES DURANGO/GRAND JUNCTION

THIS MATTER comes before the Court *sua sponte*. It is the Court's experience that multi-Defendant criminal cases often present unusual and significant administrative challenges for both counsel and the Court. In an attempt to preemptively alleviate some of those burdens, and to expressly advise counsel of procedures that the Court will follow:

**IT IS ORDERED** that:

(1) Unless all Defendants consent, the Magistrate Judge will not determine speedy trial issues, set pretrial deadlines, issue recommendations with regard to pretrial motions, or give advisements under Fed.R.Crim.P. 11 in the context of a change of plea.

(2) All documents filed by any party in this case shall bear the complete case caption. If a document pertains only to a particular Defendant or Defendants, the name of such Defendant or Defendants shall be in **bold** print on the caption. The caption is deemed amended and the name of a Defendant may be removed therefrom upon the sentencing of that Defendant.

(3) If a Defendant files a Notice of Disposition, that Defendant and his or her counsel are excused from participating in all subsequent hearings except for hearings which pertain to that Defendant, *i.e.*, change of plea and sentencing hearings.

(4) If counsel for a Defendant is unable to attend a hearing, that Defendant may file a motion to allow substitute counsel to represent him or her at such hearing. Such motion must be accompanied by a statement that the Defendant consents to representation by substitute counsel at the particular hearing.

(5) Any Defendnat who has not filed a Notice of Disposition shall attend all scheduled hearings (apart from change of plea or sentencing hearings for co-Defendants who have filed Notices of Disposition) with his or her counsel. If any Defendant or defense counsel desires to waive his or her appearance at any hearing, an appropriate motion shall be filed no later than 2 business days prior to the hearing.

(6) With regard to any Defendant who is not in custody, a motion seeking leave to allow the Defendant to travel shall be filed at least 5 business days before the requested travel date. No such motion will be granted unless the pre-trial supervision office is in agreement and either (a) the Government files written assent to the travel at least 2 business days before the requested travel date or (b) the motion is stipulated.

(7) If a Defendant wishes to adopt the arguments made in a co-Defendant's motion, the Defendant shall <u>not</u> file a "Motion to Join" in the co-Defendant's motion. Instead, the Defendant should file a motion whose caption and body identifies the specific relief requested, and which simply incorporates by reference the arguments raised by the co-Defendant's motion (and identifies the motion being incorporated by docket number wherever possible). Alternatively, where it is possible for counsel to collaborate in drafting, a single motion seeking relief on behalf of multiple Defendants is helpful in minimizing docket sheet congestion.

(8) At any hearing on motions, counsel shall be responsible for monitoring the disposition of their own motions. Please note their docket numbers. If a motion is not addressed by the Court at the hearing, and counsel do not request a ruling on the motion, the motion may be deemed denied as abandoned. Note that the scheduled motions hearing is non-evidentiary. Where an evidentiary presentation is necessary to resolve a particular motion, the Court will specifically set a date for an evidentiary hearing in consultation with counsel.

(9) Please be aware of the Court's specific procedures on the following points:

  (a) <u>Severance:</u> Although the general motions deadline governs the filing of motions to sever, typically, the Court will not rule on motions seeking severance until the time of the Pretrial Conference, at which point the contours of the case to be tried have become clearer.

  (b) <u>*James* proffers</u>: The Court does not typically conduct hearings on requests for *James* determinations of the admissibility of co-conspirator statements. When a *James* issue is raised, the Government shall make a written proffer containing: (i) identification of

the facts showing the existence, composition, scope, and object of the conspiracy; and (ii) a specific identification of each statement that is to be offered, its declarant, and an explanation as to how that statement is admissible under Fed.R.Evid. 801(d)(2). This proffer is made on a form available from the Courtroom Deputy.  The form also includes a place to state the nature of such objection.  Upon its review of a completed proffer, the Court will usually issue a written ruling either: (i) finding the proffer to be *prima facie* adequate to permit the admission of the co-conspirator testimony under Rule 801(d)(2), subject to the Government establishing the necessary foundational facts at trial; or (ii) fining that specific statements are inadmissible under Rule 801(d)(2).

(c) Rule 702 issues:  A party's disclosure of expert opinions under Fed.R.Crim.P. 16 shall sufficiently identify the foundational facts necessary to support the expert's opinion under Fed.R.Evid. 702.  Challenges to the foundation of a designated expert's opinion on the grounds specified in Rule 702 must be made by a joint filing according to the procedure set forth at http://www.cod.uscourts.gov/Portals/0/Documents/Judges/MSK/Daubert-702_2014_revision.pdf.

DATED this 9th day of November, 2015.

**BY THE COURT:**

_Marcia S. Krieger_
Marcia S. Krieger
United States District Court